## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KAHLIG ENTERPRISES, INC., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-20-CV-01091-XR |
| | § | |
| AFFILIATED FM INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

On this date, the Court considered Defendant Affiliated FM Insurance Company's Motion for Costs pursuant to Federal Rule of Civil Procedure 26(b)(4) (ECF No. 66), Plaintiff Kahlig Enterprises, Inc.'s response (ECF No. 68), and Defendant's reply (ECF No. 69). After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiff Kahlig Enterprises, Inc. ("Kahlig") commenced suit against Defendant Affiliated FM Insurance Company ("AFM"), bringing claims for breach of contract, violations of the Texas Insurance Code, violations of the Deceptive Trade Practices Act ("DTPA"), violations of the Texas Prompt Payment of Claims Act ("TPPCA"), and breach of the duty of good faith and fair dealing. On November 17, 2022, Plaintiff deposed AFM's claims handling expert, Thomas Veitch. On January 30, 2023, the Court granted Defendant's motion for summary judgment (ECF No. 53). Defendant now seeks reimbursement of fees under Federal Rule of Civil Procedure 26(b)(4)(E) in connection with Veitch's deposition. ECF No. 66.

## DISCUSSION

### I.      Legal Standard

Recovery of expert witness fees is ordinarily limited to statutory amounts under 28 U.S.C. §

1821 and § 1920. *La. Power & Light v. Kellstrom*, 50 F.3d 319, 332 (5th Cir. 1995)

(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 439 (1987)). However, Federal

Rule of Civil Procedure 26(b)(4)(E)(i) independently provides a basis for recovery of expert fees

incurred as part of discovery. It provides:

> (E) *Payment.* Unless manifest injustice would result, the court must
> require that the party seeking discovery:
>> (i)      pay the expert a reasonable fee for time spent in responding
>>          to discovery under Rule 26(b)(4)(A) or (D); and
>> (ii)     for discovery under (D), also pay the other party a fair
>>          portion of the fees and expenses it reasonably incurred in
>>          obtaining the expert's facts and opinions.

Rule 26(b)(4)(A) relates to an expert who may testify at trial; Rule 26(b)(4)(D) relates to

experts employed for trial preparation only. Because Defendant seek reimbursement for costs in

connection with the deposition of its expert witness, only subsection (i) and Rule 26(b)(4)(A) are

relevant here. Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been

identified as an expert whose opinions may be presented at trial. . . ."

### II.      Analysis

Defendant AFM seeks reimbursements related to the expert deposition of Thomas Veitch

in the total amount of $10,738.00. ECF No. 66 at 1. This total is comprised of 22 hours of

preparation, including review of the claim file materials, and 5 hours of attendance at the

deposition[1]. At his rate of $395 per hour and for a total of 27 hours, Defendant AFM seeks

$10,665.00, plus $73.00 for "[d]isbursements and other charges rendered through November 28,

---

[1] Plaintiff contends that the deposition lasted from 9:10 am to 12:42 pm, for a total of three hours and thirty-two minutes. ECF No. 68 at 2.

2022" for a total of $10,738.00. ECF No. 66-1 at 3. Defendant AFM contends that Mr. Veitch's hourly rate of $395 was disclosed to Plaintiff with AFM's Expert Disclosures on July 1, 2022. ECF No. 66 at 2.

Plaintiff, in its response, advances three arguments in opposition of Defendant's motion. First, Plaintiff argues the motion is untimely. Under Local Rule CV-54, "a party awarded costs shall prepare and file a proposed bill of costs on Form AO 133 not later than 14 days after the entry of judgment." Plaintiff alleges that Defendant's motion as filed was both not in the correct form and was 24 days too late. ECF No. 68 at 2. Second, Plaintiff alleges that, because the Fifth Circuit provided notice to this Court on March 6, 2023 that it had docketed the appeal, the Fifth Circuit now has jurisdiction over the case. Finally, Plaintiff alleges that Defendant seeks unreasonable and excessive relief. *Id.* at 3. The Court addresses each argument in turn.

### A. Untimeliness

First, the Court holds that Defendant AFM's motion is not untimely. Local Rule CV-54 does not govern recovery of expert fees under Federal Rule of Civil Procedure Rule 26(b)(4)(E)(i). Indeed, whether a party prevails or loses, and whether or not it is awarded costs in the final judgment of a case, it is entitled to recover under 26(b)(4)(E)(i), "unless manifest injustice would result . . . ." FED. R. CIV. P. 26(b)(4)(E).

The Fifth Circuit makes clear that Rule 26(b)(4) costs "are not limited to prevailing parties" and do not fall within the kinds of costs at dispute here. *See, e.g.*, *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 336 (5th Cir. 1995) (reviewing a Louisiana Local rule nearly identical in relevant part to Local Rule CV-54 and determining that Rule 26(b)(4) costs were therefore not subject to the local rule's deadline).

3

Defendant's motion thus not does fall within the purview of Local Rule CV-54 as seeking recovery of costs pursuant to 28 U.S.C. § 1920. Local Rule CV-54's fourteen-day deadline from the entry of judgment to file a bill of costs on Form AO133 therefore does not bar Defendant's motion as untimely.

## B.  Jurisdiction

Next, the Court examines whether it has jurisdiction to grant the relief sought by Defendant in its motion for expert fees. Plaintiff contends that its appeal of the order on the motion for summary judgment and the final judgment on the whole to the Fifth Circuit divested this Court of jurisdiction. Indeed, the Court notes that "filing . . . a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case *involved* in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added). "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id.*; *see also Wooten v. Roach*, 964 F.3d 395, 403 (5th Cir. 2020). That said, however, a district court remains "nonetheless free to adjudicate matters that are not involved in that appeal." *Grant v. Houser*, 469 F. App'x 310, 314 (5th Cir. 2012) (internal quotation marks and citation omitted). As previously explained, reimbursement of expert fees under Rule 26(b)(4)(E)(i) is not on appeal—Defendant AFM is entitled to recover those costs regardless of the success of its motion for summary judgment, as Plaintiff in this case sought discovery concerning Defendant's expert opinions. This Court is not, therefore, divested of its jurisdiction to rule on the pending motion.

## C. Reasonableness

Finally, the Court agrees with Plaintiff that many of the hours Defendant AFM seeks reimbursement for are excessive and unreasonable.

"Courts have generally found that time spent preparing for a deposition is compensable under Rule 26(b)(4)(E)(i), so long as it is reasonable." *Thorne v. Union Pac. Corp.*, No. 1:15-CV-561-RP, 2018 WL 11422083, at *1 (W.D. Tex. Sept. 27, 2018) (citing *Nester v. Textron, Inc.*, No. 1:13-CV-920 RP, 2016 WL 6537991, at *3 (W.D. Tex. Nov. 3, 2016). A request for reimbursement of two hours of preparation time for every hour of deposition time in a complex patent case has been held unreasonable. *See Ushijima v. Samsung Elecs. Co.*, No. A-12-CV-318-LY, 2015 WL 11251558, at *6 (W.D. Tex. July 30, 2015) (holding that "reimbursement of one hour of preparation time for every hour spent in the deposition is reasonable for the purposes of Federal Rule of Civil Procedure 26(b)(4)(E)."). "Time spent by Defendants' experts with Defendants' counsel is more akin to trial preparation than to discovery within the meaning of Rule 26(b)(4)(E)(i), [and] it inures primarily to the benefit of the party responding to discovery, not the party seeking it. It would therefore be unjust and unreasonable to require Plaintiff to reimburse Defendants for the time Defendants' experts spent with Defendants' counsel in preparing for their depositions." *Thorne*, 2018 WL 11422083, at *2 (internal quotation marks and citation omitted).

Defendant AFM seeks reimbursements for 22 hours of preparation, including time spent reviewing the claim file materials, and 5 hours of attendance at the deposition, at a rate of $395 per hour. ECF No. 66-1 at 3.

First, Plaintiff challenges Defendant's contention that Veitch was deposed for five hours. Plaintiff alleges that the deposition lasted from 9:10 am to 12:42 pm, for a total of three hours and thirty-two minutes. ECF No. 68 at 2. The Court awards Defendant AFM 3.5 hours of deposition time at the rate of $395 per hour for a total of $1,382.50.

Next, the Court finds 22 hours of preparation for a 3.5-hour deposition to be unreasonable. First, the Court excludes from the total preparation time the four hours charged for a "Zoom call with client for deposition preparation . . ." ECF No. 66-1 at 3. These four hours are properly excluded from the Court's cost calculation on the basis that preparation of Defendant's experts by Defendant's counsel is "more akin to trial preparation than to discovery within the meaning of Rule 26(b)(4)(E)(i)." *Thorne*, 2018 WL 11422083, at *2 (internal quotation marks and citation omitted). The Court will therefore analyze the reasonableness of 18 hours of preparation in advance of the deposition.

 In contrast to the 18 hours of preparation time sought by Defendant, the Court, in line with other decisions in this District, awards Defendant reimbursement for one hour of preparation for every hour of deposition. While Defendant contends that the complexity of this case, and the volume of material that needed to be reviewed, resulted in extensive preparation time (ECF No. 69 at 5), the Court is not persuaded that 18 hours of preparation for a 3.5-hour deposition in an insurance dispute is reasonable. Defendant AFM is therefore awarded 3.5 hours of preparation time at $395 per hour, for a total of $1,382.50.

Finally, the Court finds Defendant's request for $73.00 for "[d]isbursements and other charges rendered through November 28, 2022" to be unsupported by any explanation and denies Defendant's request for reimbursement of that amount.

The Court therefore awards Defendant AFM reimbursements for 7 hours of Mr. Veitch's time, reflecting 3.5 hours of actual deposition time and 3.5 hours of preparation time. At Mr. Veitch's hourly rate, this amounts to a reasonable fee of **$2,765.00**.

**CONCLUSION**

It is therefore **ORDERED** that Defendant's motion for reimbursement of expert expenses

is **GRANTED IN PART**. Plaintiff is **ORDERED** to pay Defendant in the amount of $2,765.00,

but payment made be delayed until resolution of this case by the Fifth Circuit.

It is so **ORDERED**.

**SIGNED** March 24, 2023.


_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE